UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ LEGAL SERVICES
FUND, and BUILDING SERVICE 32BJ THOMAS
SHORTMAN TRAINING, SAFETY AND
SCHOLARSHIP FUND,

                                  **COMPLAINT**

                Plaintiffs,

  -against-

SHAMROCK ACQUISITIONS, CORP.,
SHAMROCKCLEAN, INC., and
SHAMROCK OF NEW ENGLAND, INC.

                Defendants.

------------------------------------------------------------------X

Plaintiffs, Building Service 32BJ Health Fund ("Health Fund"), Building Service 32BJ Legal Services Fund ("Legal Fund"), and Building Service 32BJ Thomas Shortman Training, Safety and Scholarship Fund ("Training Fund"), herein collectively referred to as the "Funds," by their attorneys Raab, Sturm & Ganchrow, LLP, as and for their Complaint against Shamrock Acquisitions, Corp. ("Shamrock") and Shamrockclean, Inc. ("Shamrockclean"), and Shamrock of New England, Inc. ("Shamrock N.E."), collectively referred to as "Defendants", respectfully allege as follows:

**NATURE OF ACTION**

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an employee pre-paid legal services benefit fund and an employee safety, training and scholarship fund for breach of

contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and reports to the Funds as parties contractually bound by the collective bargaining agreements (as hereinafter defined) by the Funds and/or their designated representatives. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendants violated their collective bargaining agreements, and the respective trust agreements of the Funds, and ERISA. The Complaint further alleges that due to Defendants' unilateral decision in not making timely payments to the Funds, the Funds and the beneficiaries of the Funds will suffer irreparable harm unless, preliminary and permanent injunctions are granted.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   (c) 28 U.S.C. Section 1331 (federal question); and

   (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendants in any other district in which they may be found pursuant to Section 502(e)(2) of ERISA (29 U.S.C. 1132(e)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in accordance with

Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health and insurance benefits, pre-paid legal services benefits, and training, safety and scholarship benefits, to those employees eligible to receive them. The Funds maintain their offices and are administered at 25 West 18th Street, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, in the City, County, and State of New York.

6. A) Upon information and belief, at all times material hereto Shamrock was, and continues to be, a for-profit Delaware corporation doing business in various states of the United States, including the States of Florida and Delaware, as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was, and is, an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Shamrock is party to collective bargaining agreements with the Union wherein, *inter alia* Shamrock became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for Shamrock's employees within the units set forth in its agreements with Union.

6. B) Upon information and belief, at all times material hereto Shamrockclean, was and continues to be, a for-profit Delaware corporation doing business in various states of the United States, including the States of Delaware and Connecticut, as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was, and is, an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Shamrockclean is party to a collective bargaining agreements (hereinafter, along with the collective bargaining agreement referred to above in paragraph 6(A), the "Agreements") with the Union wherein, *inter alia*, Shamrockclean became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for Shamrockclean's employees within the units set forth in its agreements with Union.

6. C) Upon information and belief, at all times material herein Shamrock N.E., having a place of business at 181 Catherine Terrace, Fairfield, Connecticut, 06824, was, and it continues to be, a Delaware corporation, doing business in various states of the United States, including the States of Connecticut and Massachusetts, was, and is, an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was, and is, an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

6. D) Upon information and belief, Shamrock, Shamrockclean and Shamrock N.E. are a "single employer" or a "joint-employer" as they constitute a single integrated employer employing the employees employed under the Agreements with the Union and all three possess the power to control the employees represented by the Union under the above described Agreements.

6. E) In the context of a single and/or joint employer Shamrock, Shamrockclean and Shamrock N.E. all provide the same services, have common, if not identical, ownership, common, if not identical, management, common employees, and all share common offices. All three hold

themselves out as one single entity, under the banner of "the Shamrock brand".

      6.      F) For example, Shamrockclean has held itself out to the Funds and to the Union as defunct. Yet as of the date of this Complaint Shamrockclean advertises on its website that it continues to be the contractor for work covered by the non-payments alleged herein, which work was, and continues to be, performed by employees covered by the Agreements.

      6.      G) The collective bargaining agreements ("Agreements") with Shamrock and Shamrockclean entered into with the Union by the Defendants include, inter alia, the following provisions:

Contractor Transition

When taking over or acquiring an account/location covered by this Agreement, the Employer is required to retain the incumbent employees and to maintain the same number of employees(and their hours) as were employed at the account/location by the predecessor employer...

If the Employer fails to make required reports or payments to the Funds, the Trustees may in their sole abd absolute discretion take any action necessary, including immediate arbitration or suits at law, to enforce such reports and payments, together with interest and liquidated damages as provided in the Funds Trust Agreements, and any and all expenses of collection, including, but not limited to, counsel fees, arbitration costs and fees, court costs, fees and interest.

By agreeing to make the required payments into the Funds, the Employer hereby adopts and shall be bound to the Agreement and Declaration of Trust as it may be amended and the rules and regulations adopted or hereafter adopted by the Trustees of each Fund in connection with the provision and administration of benefits and the collection of contributions. The Trustees shall make such amendments to the Trust Agreements, and shall adopt such regulations as may be required to conform with applicable law.

Successors, Assigns and Subcontractors

The Employer shall not subcontract, transfer, lease or assign, in whole or in part, to any other person or firm, corporation, partnership or non-unit work or workers, bargaining unit work presently performed or hereafter assigned to employees in the bargaining unit, except to the extent required by government regulations regarding minority or female owned enterprises, in which event the Employer shall ensure that such enterprises employ bargaining unit employees under the wages and benefits provided under this Agreement.

In the event the Employer sells or transfers all or part of its business or accounts which are subject to this Agreement, the Employer shall require the acquiring employer to assume this Agreement.

To the extent permitted by law, this agreement shall be binding on any other entities that the Employer, through its officers, directors, partners, owners or stockholders, either directly or indirectly (including but not limited through family members), manage or controls, provided such entity or entities perform(s) work subject to this Agreement.

7. At all times material herein, Shamrock was identified as the employer of a unit of employees, employed at 124 Quary Road, which employees were covered by a collective bargaining agreement between Shamrock and the Union, titled "Samrock Building Services @124 Quary Road".

8. Pursuant to the Samrock Building Services @124 Quary Road Agreement, Shamrock was required to remit contributions to the Funds on behalf of the unit employees employed at 124 Quary Road, and as of the date of this Complaint, Shamrock has not paid all contributions due for these employees and is delinquent to the Funds for the reporting dates November 2018, January 2019, and February 2019 in an amount of not less than $8,844.52.

9. At all times material herein, Shamrock was identified as the employer of a unit of employees, employed at 6 Research Drive, which employees were covered by a collective bargaining agreement between Shamrock and the Union, titled "Master Fairfield County Contractors Agreement".

10. Pursuant to the Master Fairfield County Contractors Agreement, Shamrock was required to remit contributions to the Funds on behalf of the unit employees employed at 6 Research Drive, and as of the date of this Complaint, Shamrock has not paid all contributions due for these employees and is delinquent to the Funds for the reporting dates November 2018, January 2019, and February 2019 in an amount of not less than $1,957.68.

11. At all times material herein, Shamrock was identified as the employer of a unit of employees, employed at 730 Central Avenue, which employees were covered by a collective bargaining

agreement between Shamrock and the Union, titled "New Jersey Contractors Agreement".

12. Pursuant to the New Jersey Contractors Agreement, Shamrock was required to remit contributions to the Funds on behalf of the unit employees employed at 730 Central Avenue, and as of the date of this Complaint, Shamrock has not paid all contributions due for these employees and is delinquent to the Funds for the reporting dates November 2018, January 2019, and February 2019 in an amount of not less than $8,518.24.

13. At all times material herein, Shamrock was identified as the employer of a unit of employees, employed at Schinto Towers which employees were covered by a collective bargaining agreement between Shamrock and the Union, titled "Master Hudson Valley Contractors Agreement".

14. Pursuant to the Master Hudson Valley Contractors Agreement, Shamrock was required to remit contributions to the Funds on behalf of the unit employees employed at Schinto Towers, and as of the date of this Complaint, Shamrock has not paid any contributions for these employees and is delinquent to the Funds for the reporting dates November 2018, January 2019, and February 2019 in an amount of not less than $27,414.78.

15. At all times material herein, Shamrock was identified as the employer of a unit of employees, employed at Shelton Pointe, which employees were covered by a collective bargaining agreement between Shamrock and the Union, titled "Master Hudson Valley Contractors Agreement".

16. Pursuant to the Master Hudson Valley Contractors Agreement, Shamrock was required to remit contributions to the Funds on behalf of the unit employees employed at Shelton Pointe, and as of the date of this Complaint, Shamrock has not paid all contributions due for these and is delinquent to the Funds for the reporting dates November 2018, January 2019, and February 2019 in an amount of not less than $1,957.68.

17. In addition to the above, historically Shamrock has made monthly payments late and

has therefore accrued contractual interest delinquencies on late payments since November 2016.

18. As of the date of the Complaint, late payment interest and accrued interest on the non-payments as described above is no less than $1,519.97.

19. Based upon the above Defendants are contractually bound to the respective collective bargaining agreements and are therefore jointly and severally liable for the payment of the benefits called for in the Agreements.

20. Upon information and belief, Shamrock, Shamrockclean and Shamrock N.E. all currently have and in the past had, common ownership and common officers and common offices. Upon further information and belief, Shamrock, Shamrockclean and Shamrock N.E. are and were alter egos of each other and a single or joint employer, within the definition of said term as applied to actions under ERISA.

21. Upon information and belief, as alter egos, a single employer and/or a joint employer status, pursuant to ERISA, Shamrock, Shamrockclean and Shamrock N.E. are jointly and severally liable for each other's actions.

22. Upon information and belief, Shamrock, Shamrockclean andhamrock N.E., through their respective officers, directors, partners, owners, or stockholders, directly or indirectly manage and control each other and perform work subject to the collective bargaining agreements.

23. Based upon the above Shamrock, Shamrockclean and Shamrock N.E. are each contractually and statutorily obligated for each others' delinquencies and are therefore jointly and severaaly liable for the relief sought herein.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT BY DEFENDANTS )

24. The Funds repeat and reallege each and every allegation contained in paragraphs 1

through 23 of this Complaint, as if fully set forth herein.

25. Pursuant to the Agreements, there became due and owing to Funds from Defendants benefit contributions for the period from December 20218 and interest for the period from November 2016 to date.

26. The Defendants have fallen delinquent in their monthly contributions owed to the Funds and since December 2018, and presently, the contributions contractually due to the Funds are not being timely paid by the Defendants, although all contributions have been duly demanded and the Funds have been damaged in an amount to be determined.

27. The failure, refusal or neglect of Defendants to make the required contributions and interest payments to the Funds constitute violations of the Agreements between Defendants and the Union with respect to which the Funds are third-party beneficiaries.

28. Accordingly, Defendants are jointly and severally liable to the Funds for benefit contributions in the amounts due for the period set forth above, liquidated damages, costs, attorney's fees, and the interest payments on late payments as set forth above, plus such other or further amounts as will be found due and owing pursuant to a further audit of Defendants' books and records, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendants.

### AS AND FOR A SECOND CLAIM FOR RELIEF
**(FUNDS' CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANTS)**

29. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

30. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

31. Upon information and belief, at all times material hereto, Defendants failed to pay or timely pay and/or submit the required monetary contributions and/or reports to the Funds when due. Such failures to make payments or timely payments and/or submit reports constitutes violations of Section 515 of ERISA (29 U.S.C. § 1145).

32. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to the plaintiff, the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

33. Accordingly, Defendants are liable to the Funds, jointly and severally, for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and are liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal at the rate set forth under the Funds plans, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF
### (FUNDS' DEMAND FOR AN ORDER DIRECTING DEFENDANTS TO PERMIT AN AUDIT OF DEFENDANTS' BOOKS AND RECORDS)

34. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

35. Defendants are obligated, pursuant to the terms of the Agreements and ERISA, to permit and cooperate in the conduct of audits of the books and records of Defendants by the Funds.

36. Accordingly, pursuant to the terms and conditions of the Agreements and ERISA,

the Funds demand an order directing Defendants to permit and cooperate with the Funds and/or their designated representatives in the conduct of the aforesaid audit of Defendants' books and records.

<strong><u>AS AND FOR A FOURTH CLAIM FOR RELIEF</u></strong><br/>
<strong>(PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF<br/>
AGAINST DEFENDANTS)</strong>

37. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

38. Pursuant to the terms and conditions of the Agreements, Defendants are required to timely pay submit benefit contributions and reports to the Funds, and permit and cooperate in the conduct of audits of Defendants' books and records, for so long as Defendants remains obligated to do so pursuant to the Agreement.

39. Upon information and belief, Defendants have failed to timely pay and/or submit benefit contributions to the Funds and are currently in breach of their obligations under the Agreements. Defendants' prior conduct demonstrates a significant likelihood that they will continue to breach the terms of the Agreements.

40. The Funds have no adequate remedy at law to insure that Defendants will adhere to the terms of the Agreements.

41. As a result of Defendants' omissions and breaches of contract and violations of ERISA, the Funds may be required to (a) deny employee beneficiaries, for whom contributions have not been made, the benefits provided under the benefit plans, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide said beneficiaries the benefits provided under the plans, notwithstanding Defendants' failure to make their required contributions, thereby reducing the corpus of the respective Funds and endangering the rights of the employee beneficiaries on whose behalf

contributions are being made, all to their substantial and irreparable injury.

42. The Funds will suffer immediate and irreparable injury unless Defendants, their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds and permit and cooperate in the conduct of audits for so long as Defendants remain obligated to do so pursuant to the Agreement.

43. Accordingly, the Funds request this Court issue an injunction preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the Funds and requiring them to permit and cooperate in the conduct of audits for the term of the Agreement.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA AGAINST DEFENDANTS)

44. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 43 of this Complaint, as if fully set forth herein.

45. Pursuant to the provisions of ERISA and the Agreements, Defendants are required to timely pay and submit benefit contributions and/or reports to the Funds and permit and cooperate in the conduct of audits of Defendants' books and records, for so long as Defendants remains obligated to do so pursuant to the Agreements.

46. Upon information and belief, Defendants have failed to timely pay and/or submit benefit contributions to the Funds, and are currently in breach of their statutory obligations under ERISA. Defendants' prior conduct demonstrates a significant likelihood that they will continue to breach the aforementioned statutory provisions.

47. The Funds have no adequate remedy at law to insure that Defendants will continue to adhere to their statutory obligations.

48. As a result of Defendants' omissions and breaches of ERISA, the Funds may be required to (a) deny employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide said beneficiaries the benefits provided under the plan, notwithstanding Defendants' failure to make their required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

49. The Funds will suffer immediate and irreparable injury unless Defendants their officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds and permit and cooperate in the conduct of audits for so long as Defendant remains obligated to do so pursuant to ERISA.

50. Accordingly, the Funds request this Court issue an injunction preliminarily and permanently enjoining Defendants their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from violating ERISA by failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the Funds and requiring them to permit and cooperate in the conduct of audits for the term of Agreement.

**WHEREFORE,** plaintiff Funds demand judgment:

a.  against Defendants, jointly and severally, for payment of all past due contributions in an amount to be determined to the date of judgment.

  b. against Defendants, jointly and severally, for payment of all contributions which become due during the pendency of this action;

  c. against Defendants, jointly and severally, for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2) and the collective bargaining agreements;

  d. against Defendants, jointly and severally, for contractual and statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2) and in accordance with the collective bargaining agreements;

  e. for an Order requiring Defendants, jointly and severally, to permit and cooperate in the conduct of an audit of the books and records of Defendants, by the Funds;

  f. for an Order permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, and requiring them to permit and cooperate in the conduct of audits in accordance with applicable Agreements;

  g. for an Order permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, and requiring them to permit and cooperate in the conduct of audits in accordance with ERISA and the applicable Agreements;

  h. for such other and further relief as the Court deems just and proper.

Dated: Fort Lee, New Jersey
       March 20, 2019

                                           RAAB, STURM & GANCHROW, LLP

By: _____
      Ira A. Sturm (IS-2042)
      *Attorneys for Plaintiffs Funds*
      2125 Center Avenue, Suite 100
      Fort Lee, New Jersey 07024
      201-292-0150
      Fax: 201-292-0152
      isturm@rsgllp.com